**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DAVID SEAVER,**

        **Plaintiff,**

**-vs-**                             **Case No. 6:05-cv-1607-Orl-DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**
_____

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** MOTION PURSUANT TO FED.R.CIV.P. 59(E) TO VACATE THE ORDER OF DISMISSAL (Doc. No. 24)
>
> **FILED:** January 31, 2007
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

Plaintiff filed an appeal of the denial of his application for SSI and DIB on October 25, 2005. Doc. No. 1. On March 28, 2006, Plaintiff's counsel, Juan Gautier, filed a brief opposing the Commissioner's decision, and the Commissioner filed a responsive brief. Doc. Nos. 16, 19. On October 19, 2006, Mr. Gautier was suspended from the bar of this Court and Sarah Bohr, Esq., was appointed as Inventory Attorney in the case. Doc. No. 20.

On December 1, 2006, when no attorney had filed an appearance on behalf of Plaintiff, the Court entered an Order stating that no later that December 15, 2006, a Notice of Appearance shall be

filed by counsel for Plaintiff (if counsel had been secured) or, if there was a reason counsel had not yet been secured, the Inventory Attorney shall file a status report or motion, as appropriate, setting forth the circumstances for the delay and showing cause as to why the case should not be dismissed, as abandoned.  Doc. No. 21.

On December 15, 2006, Ms. Bohr filed an Inventory Attorney's Status Report stating that she had located counsel to represent Plaintiff, but had not located Plaintiff in order to obtain his consent to transfer the case to new counsel.  Doc. No. 22.  Ms. Bohr outlined the steps taken to contact Plaintiff, including letters to the address contained in Mr. Gautier's files; contacting medical providers to forward a letter to the addresses they had; and forwarding letters through the Social Security Administration to the address in the SSA files.  Doc. No. 22.  Ms. Bohr sought an additional thirty days, or until January 15, 2007, to make contact with Plaintiff.  On January 17, 2007, when no Notice of Appearance was filed on behalf of Plaintiff, the Court ordered the case dismissed without prejudice for failure to prosecute because, despite the Inventory Attorney's best efforts to contact Plaintiff, she had been unable to do so.  Doc. No. 23.  The Inventory Attorney filed the Motion to Vacate the dismissal on January 31, 2007, stating that she (perhaps optimistically) "expected to hear from [Plaintiff] at any time and will notify this Court as soon as she hears from him."[1]  Doc. On. 24 at 2. Despite the fact that it is now April 2007, Plaintiff has not been located and no appearance has been filed on his behalf.  In effect, he now represents his own interests which he has chosen to abandon.

The Inventory Attorney also contends that the case should have not been dismissed for failure to prosecute under Local Rule 3.10(a) because both parties had submitted their memoranda of law;

---

[1] The ruling on the Motion is no reflection on the Inventory Attorney's efforts, which have been extensive, appropriate, and admirable in the opinion of the Court.

thus, she contends the case was diligently prosecuted and a dismissal under Local Rule 3.10(a) is only appropriate when a case is "not being diligently prosecuted." It is clear that Plaintiff is not diligent or even participating in the prosecution of his case and the Motion to Vacate the dismissal[2] is **DENIED**.

## ANALYSIS

A district court has the authority to dismiss an action on its own motion pursuant to local rule and the court's inherent power to dismiss actions for failure to prosecute. *Bierman v. Tampa Elec. Co.,* 604 F.2d 929, 930 (5th Cir. 1979) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962). Local Rule 3.10(a) provides:

> Whenever it appears that any case is not being diligently prosecuted the Court may, on motion of any party or on its own motion, enter an order to show cause why the case should not be dismissed, and if no satisfactory cause is shown, the case may be dismissed by the Court for want of prosecution.

Local Rule 3.10(a). Plaintiff's lack of participation in the conduct of his case is grounds for dismissal for failure to prosecute. *Martin-Trigona v. Morris*, 627 F.2d 680 (5th Cir. 1980) (affirming dismissal for failure to prosecute where plaintiff failed to respond to motion to dismiss for thirteen months after being ordered to do so three times, and where counsel's misunderstanding of plaintiff's intentions were attributable in large part to his failure to acquaint counsel with case and make himself available for consultation).

*Barahman v. Sullivan* is directly on point. No. CV-87-2405(RJD), 1992 WL 226293, *1 (E.D. N.Y. May 15, 1992). In *Barahman*, the district court granted the Secretary's motion to dismiss a social security appeal for failure to prosecute following plaintiff's appeal from denial of his

---

[2]The Commissioner's lack of opposition to the Motion, given this procedural posture, is not as adverse as is typically the case, since the Commissioner has already filed a brief on the merits.

applications for SSI and disability benefits. The parties had agreed to a remand for further proceedings, but the plaintiff failed to respond to the Secretary's repeated attempts to contact him and he was again denied benefits. *Id*. The Secretary and the United States Attorney's Office continued unsuccessfully to try to locate plaintiff, transmitting notices by certified mail, and attempting to contact plaintiff through his attorney, but plaintiff's whereabouts remained unknown; even the attorney who represented him during the administrative proceedings was unable to locate him. *Id*. The court granted a dismissal for failure to prosecute under Rule 41(b) holding: "[F]ailure to prosecute can evidence itself in a pattern of dilatory conduct, or simply in 'an action lying dormant with no significant activity to move it.'" *Id.* (quoting *Lyell Theatre Corp. v. Loews Corp.,* 682 F.2d 37, 42 (2d Cir. 1982). As the court pointed out, "While dismissal is 'a harsh remedy to be utilized only in extreme situations,' the authority to appropriately invoke this remedy under Rule 41(b) is 'vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts.'" *Id*. (internal citations omitted). The court held that the facts not only showed plaintiff's failure to prosecute, but even more so that the plaintiff had "apparently abandoned his case altogether." *Id.*

In this case, Plaintiff is no longer represented by counsel who was suspended; through Plaintiff's own actions over the last year he has made himself unavailable to be located most likely since March 2006, when Mr. Gautier filed Plaintiff's brief, or at a minimum for six months, since November 2006, when the Inventory Attorney took over management of Mr. Gautier's appeals in this Court. Assuming *arguendo* that Plaintiff were to prevail on appeal and the Court were to decide to

reverse and remand the case, the SSA would be unable to contact Plaintiff for further proceedings.[3]

The Motion to Vacate is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on April 4, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

---

[3] In passing, the Court notes a possible question of the Court's continuing jurisdiction. If Plaintiff remains unreachable, no judgment in this case could be implemented. Thus, it is unclear that a case and controversy, in the Article III sense, is still present.